Ignacio J. Hiraldo (State Bar No. 354826)
IJH LAW
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403
Counsel for Plaintiff and Proposed Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MECHELLE GOSHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TAX DEFENSE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Mechelle Goshen brings this class action against Defendant American Tax Defense and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

3. Defendant is a tax relief company.

4. To promote its goods and services, Defendant engages in unsolicited robocalling using prerecorded telemarketing messages in violation of the TCPA.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and

personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

**PARTIES**

6. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Solano County, California.

7. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted calls.

8. Defendant is a California stock corporation with its principal place of business in Santa Ana, CA.

9. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

**JURISDICTION AND VENUE**

10. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §§ 227, *et seq*.

11. Defendant is subject to personal jurisdiction in California because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls into California. Specifically, Defendant initiated and directed the transmission of unsolicited robocalls to Plaintiff's cellular telephone number to sell goods, services or products in California.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

13. Defendant is a tax relief company.

14. Consistent with its marketing practices, Defendant caused prerecorded voice message telemarketing calls to be transmitted to Plaintiff's cellular telephone number ending in 9357 ("9357 Number").

15. Specifically, Defendant placed a prerecorded telemarketing call to the 9357 Number on August 26, 2026 from the phone number 833-419-7541.

16. Upon listening to the message, Plaintiff was easily able to determine that it was prerecorded and not a live person speaking.

17. The prerecorded voice message states that it was being sent by Nancy with American Tax Advisors regarding a time sensitive matter involving tax balances and offering tax resolution services.

18. Plaintiff is the regular user of the cellular telephone number that received the above telephonic sales calls.

19. Defendant's prerecorded message call constitutes telemarketing/advertising/solicitations because it promotes Defendant's business, goods and services.

20. Specifically, the message discusses Defendant's tax resolution services and sought to have Plaintiff respond and engage Defendant's services.

21. Defendant's calls were not purely informational, and Defendant stood to gain financially from transactions with Plaintiff and the Class Members had they acted on the calls.

22. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

23. More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of prerecorded sales, solicitation, and/or marketing calls.

24. Plaintiff never provided Defendant with any type of consent or permission to contact her with prerecorded message calls on her cellular telephone.

25. Plaintiff never provided her telephone number to Defendant.

26. Plaintiff has not had a business relationship with Defendant.

27. Plaintiff did not have an ongoing relationship with Defendant and did not require Defendant's services. Rather, Defendant was attempting to sell a new service for which Plaintiff would have to pay.

28. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

29. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls that were sent which advertised and/or promoted its services and goods. Upon information and belief, these reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

30. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.

32. The Class that Plaintiff seeks to represent is defined as:

> **PRERECORDED MESSAGE CLASS**: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.

33. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

34. Upon information and belief, Defendant has placed prerecorded telemarketing calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**<u>Common Questions of Law and Fact</u>**

36. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

b. Whether Defendant made telemarketing calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

c. Whether Defendant can meet its burden of showing that it had consent to make such calls;

d. Whether Defendant's conduct was knowing and willful; and

e. Whether Defendant is liable for damages, and the amount of such damages.

37. The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>Typicality</u>**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>Protecting the Interests of the Class Members</u>**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**<u>Superiority</u>**

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Prerecorded Message Class)**

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

45. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement

or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

46. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

47. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

48. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

49. Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

50. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

51. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all prerecorded telemarketing calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

f) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: October 2, 2026

Respectfully submitted,

**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*